**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Jill Russell on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Alorica, Inc.,<br><br>    Defendant. | Case No.: 08-CV-194-GKF-TLW<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR SETTLEMENT APPROVAL** |

  Through this joint motion, the Parties request that the Court approve the settlement they reached in the above-captioned matter. As explained in detail below, this settlement is a fair resolution of the claims asserted in this action, and should be approved.

## DISCUSSION

**I. BACKGROUND OF CASE**

  On April 4, 2008, Plaintiff filed the Complaint in this matter, alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq.; the Oklahoma General Wage Law, Okla. Stat. tit. 40, §§ 165.2, 165.3; and common law. (Dkt. 1.) Plaintiff alleged that during her employment with Defendant she was not paid overtime compensation for the minutes she spent logging onto and off of her computer applications before and after her shift, and was not paid for all of her earned commissions. (Id.) Defendant filed its Answer to Plaintiff's Complaint and denied the allegations. (Dkt. 13.) On July 22, 2008, Plaintiff filed a Motion for Conditional Certification and Judicial Notice. (Dkt. 32-35.) Defendant subsequently stipulated to the motion and as a result of the notice, more than 500 Plaintiffs joined the case. (Dkt. 43; Affidavit of Timothy C. Selander ("Selander Aff.") ¶ 2-3.) On September 26, 2008, Plaintiff filed a motion to certify the case as a class action. (Dkt. 68-70.) Defendant then filed a Motion

to Decertify the Collective Action. (Dkt. 83-87.) The parties subsequently withdrew those motions and agreed to engage in settlement discussions. (Dkt. 140.)

Prior to engaging in settlement discussions, the parties had engaged in depositions and written discovery. (Selander Aff. ¶ 5-6.) Plaintiff's Counsel deposed members of Defendant's managerial staff, and Defendant deposed Plaintiff and five opt-in Plaintiffs. (Id. at ¶ 5.) The parties also served and responded to written discovery requests, including interrogatories and requests for production of documents. (Id. at ¶ 5-6.) Defendant produced documentation regarding each Plaintiff's claim, including payroll data, employment files, employment policies, and other matters relevant to the issues raised by the parties' pleadings. (Id. at ¶ 6.)

## II. SETTLEMENT

The parties, through their counsel, are familiar with the facts of the case and the legal issues raised by the pleadings. (Selander Aff. ¶ 7.) The parties engaged in negotiations directed towards settlement of this matter, and reached a written settlement agreement they believe to be fair under the circumstances of this case. (Id. at ¶ 8; Ex. A.) The settlement agreement is a product of arm's length settlement negotiations that occurred over several days. (Selander Aff. ¶ 8.) The parties also drafted and agreed upon a Notice of Settlement, detailing the terms of the settlement reached, which was mailed to each Plaintiff by Plaintiffs' Counsel on February 3, 2009. (Id. at ¶ 9; Ex. B.) This Notice explained the nature of the suit, the settlement reached, how it was reached, the allocations, and also described how each Plaintiff could object to the settlement if he or she chose to do so. (Ex. B.)

### A. Dismissal of the Action With Prejudice

Under the terms of the settlement agreement, Plaintiffs were given 30 days to reject the settlement. (Ex. B.) Only four Plaintiffs rejected the settlement: David Hillis, Sunni Hillis, Alex

Goretoy, and Thomas Toner.[1] (Selander Aff. ¶ 9; Ex. E.) Consequently, with the exception of those four Plaintiffs, Plaintiffs agree that their claims alleged in this litigation may and should be dismissed by the Court with prejudice in exchange for their settlement payment.[2]

### B. Settlement Consideration

Defendant has agreed to pay Plaintiffs the total aggregate sum of $125,000.00 ("the Settlement Amount"), inclusive of Plaintiffs' attorneys' fees and costs, to resolve the claims asserted in this litigation. (Ex. A.)

From the Settlement Amount (and after attorneys' fees and costs were deducted consistent with Plaintiffs' fee agreement with their Counsel (see Section II.C)), the parties made settlement allocations to each Plaintiff. (Selander Aff. ¶ 12.) The parties agree that the settlement allocations are fair based on the facts of this case. (Id. at ¶ 8.) Each Plaintiff's allocation was based on 6.5 minutes of pre-shift/post-shift compensation per day for five days per week, their rate of pay, and the number of weeks they worked in the three-year statute of limitations period through December 31, 2008. (Id. at ¶ 12.) All Plaintiffs received a minimum allocation of $25. (Id.) Each Plaintiff that made a claim that he or she was not paid all commissions due was allocated an additional $50 for this commission claim. (Id.) In addition, the named Plaintiff Jill Russell received a service payment of $200 for her participation in the case, and each of the six Plaintiffs who attended a deposition (including Ms. Russell), received an additional $50 for their participation in those depositions. (Id.) A copy of the allocations is attached as Exhibit C.

---

[1] The settlement amounts allocated to these four individuals will be retained by Defendant.
[2] The four rejecting Plaintiffs will be dismissed from this action without prejudice to refile their claims for 60 days from the date the Court approves the settlement. (See Ex. B.)

3

### C.      Attorneys Fees and Costs

Consistent with the fee agreement entered into between Plaintiffs' Counsel and the Plaintiffs, the parties agree that Plaintiffs' Counsel shall be allocated the total sum of $69,680.00 for Plaintiffs' legal fees and costs. (Selander Aff. ¶ 10.) This figure is comprised of attorneys' fees in the amount of $41,250.00 (33% of $125,000.00) and costs incurred by Plaintiffs' Counsel in the amount of $28,430.00. (Id.) A large percentage of the costs incurred by Plaintiffs' Counsel were the result of the multiple mailings of the Judicial Notice of the Action to potential Plaintiffs. (Id. at ¶ 11.) There were approximately 7,000 potential Plaintiffs on the list provided by Defendant, and many of these individuals were sent the Notice twice due to inaccurate addresses. (Id.) In addition, Plaintiffs' Counsel traveled to Tulsa, Oklahoma for several days for depositions. (Id.) Finally, due to the individualized discovery propounded by Defendant, Plaintiffs' Counsel was required to send numerous mailings to the Plaintiffs in order to obtain signed interrogatory responses. (Id.)

### III.    STANDARD FOR SETTLEMENT APPROVAL

Employees can only bargain, waive, or modify their recovery and rights in FLSA cases in narrow circumstances. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982); Brask v. Heartland Auto. Svcs., Inc., 2006 WL 2524212 (D. Minn. Aug. 15, 2006) (Ex. D). In a private action between the employer and employees, a settlement falls within those narrow circumstances only if the parties agree on the terms, the Court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions," and the settlement is entered as stipulated judgment. Lynn's Food, 679 F. 2d at 1353, 1355.

The settlement agreement in this case is a fair, reasonable, and adequate resolution of this matter. In reaching this settlement, the parties took into account all known facts and

circumstances, including the risk of significant delay, the small damages owed due to pre- and post-shift logging on/off activities, the difficulty for Plaintiffs to show they were denied commissions due, non-responsiveness of many Plaintiffs in responding to discovery, and the legal defenses asserted by Defendant.  (Selander Aff. ¶ 8.)  Moreover, despite the discovery completed, the likely duration, complexity, and expense of future litigation would still be a heavy burden on the parties.  (Id.)  The parties would have to complete written discovery and depositions, and ultimately have a trial that would be time consuming and expensive.  (Id.)  Both parties faced risks in establishing liability on the claims, as well as the amount of damages.

In sum, the facts of this case, pleadings, and information on record taken as a whole indicate that the parties have reason to find this settlement to be a fair, reasonable, and adequate resolution to the claims presented in this case.  As such, the settlement meets the standard set forth under the FLSA and should be approved.

## CONCLUSION

For the reasons stated above, the parties' Joint Motion for Approval of the Settlement Agreement should be granted.

DATED: March 16, 2009         s/Timothy C. Selander
                              NICHOLS KASTER, PLLP
                              Paul J. Lukas, MN Bar No. 22084X
                              Michele R. Fisher, MN Bar No. 303069
                              Timothy C. Selander, MN Bar No. 0387016
                              4600 IDS Center, 80 South 8th Street
                              Minneapolis, MN 55402
                              Telephone: (612) 256-3200
                              Fax: (612) 215-6870

                              and

                              EDDY LAW FIRM, P.C.
                              Rand C. Eddy, OBA# 11822
                              228 Robert S. Kerr Avenue, Suite 220
                              Oklahoma City, OK 73102
                              Telephone: (405) 239-2524
                              Fax: (405) 239-2665

                              ATTORNEYS FOR PLAINTIFFS

DATED: March 16, 2009         /s/Robert M. Waxman
                              ERVIN COHEN & JESSUP, LLP
                              Robert M. Waxman, CA Bar No. 89754
                              Lauren J. Katunich, CA Bar No. 227599
                              9401 Wilshire Blvd., Ninth Floor
                              Beverly Hills, CA 90212-2974
                              Telephone: (310) 273-6333
                              Fax: (310) 859-2325

                              Fellers, Snider, Blankenship, Bailey & Tippens, P.C.
                              Kevin R. Donelson, OK Bar No. 12647
                              Chase Tower
                              100 N. Broadway, Suite 1700
                              Oklahoma City, OK 73102-8820
                              Telephone: (405) 232-0621
                              Fax: (405) 232-9659

                              Todd A. Nelson, OK Bar No. 15317
                              321 S. Boston, Suite 800
                              Tulsa, OK 74103-3318
                              Telephone: (918) 599-0621
                              Fax: (918) 583-9659

                              ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**CERTIFICATE OF SERVICE**
Jill Russell et al., v. Alorica, Inc.
Civil Action No. 4:08-CV-194-GKF-TLW

I hereby certify that on March 16, 2009, I caused the following document(s):

**MEMORANDUM IN SUPPORT OF**
**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

rand@eddy-law.com; kdonelson@fellerssnider.com; lkatunich@ecjlaw.com; rwaxman@ecjlaw.com; tnelson@fellerssnider.com; fisher@nka.com

| | |
|---|---|
| Dated:  March 16, 2009 | NICHOLS KASTER, PLLP |

 s/Timothy C. Selander
Timothy C. Selander, MN Bar No. 0387016
4600 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870